UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID SCHIED, ONE OF THE SOVEREIGN AMERICAN PEOPLE; A TOTALLY AND PERMANENTLY DISABLED RECENT QUAD-AMPUTEE; CRIME VICTIM; COMMON LAW AND CIVIL RIGHTS SUI JURIS GRIEVANT/CLAIMANT BENEFICIARY;<br><br>Plaintiff,<br><br>vs.<br><br>U-HAUL INTERNATIONAL, INC., DOES #1-20,<br><br>Defendants. | 5:21-CV-05035-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SCREENING ORDER FOR DISMISSAL |

Plaintiff, David Schied, filed a pro se lawsuit. Doc. 1. Schied moves for leave to proceed in forma pauperis. Doc. 2. He also filed "beneficiary's" motions: (1) to proceed in forma pauperis; (2) for the filing fees in CM-ECF to be waived; and (3) for service by the United States Marshal Service. Docs. 3-5. This is Schied's second lawsuit filed in the District of South Dakota. His first Complaint was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Schied v. United States et. al*, 5-21-CV-05030-LLP, Doc. 14 at 37-38 (D.S.D. July 29, 2021).

## I.  Motion for Leave to Proceed In Forma Pauperis

Schied moves for leave to proceed in forma pauperis. Doc. 2. Suits brought in forma pauperis require the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503, at *1 (D.S.D. Aug. 2, 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a

statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(l). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. Oct. 12, 2017). In light of the information Schied provided in his financial affidavit, Doc. 2, this Court finds that he may proceed in forma pauperis. Because Schied has been granted leave to proceed in forma pauperis, his complaint will be screened under 28 U.S.C. § 1915(e).

## II.   28 U.S.C. § 1915(e) Screening

### A.  Factual Background

Schied is an "alleged victim of an attempted murder . . . and criminal coverup by agents of the United States, the State of Michigan, and DTE Energy . . . and [he is] a permanently disabled quad-amputee." Doc. 1 at 1. He asserts that in 2021 he was evicted from his home and contracted with Defendant, U-Haul, "by reserving a twenty-six foot [] truck and refrigerator dolly for a one-way transport" from Michigan to South Dakota. *Id.* at 6. Schied claims that U-Haul agreed to the terms of the contract over the phone. *Id.* at 7. U-Haul later allegedly "pulled a 'bait-and-switch' " and changed the terms and nature of the contract "without full disclosure of the[] unscrupulous, discriminatory, and fraudulent business dealings." *Id.* Schied was allegedly required to give his debit or credit card information to hold his reservation. *Id.* at 15.

Schied allegedly reminded U-Haul that he was an individual with a disability and that he needed a third-party driver ("contracted driver") because he did not have a driver's license in

2

Michigan. *Id.* at 7. U-Haul allegedly then changed the name on the contract to that of the name of the contracted driver *Id.* When Schied later complained about the name on the contract, U-Haul claimed that their computer system automatically switches the name of the party to that of the name on the driver's license used to reserve the truck. *See id.* at 23. Schied argues that U-Haul intentionally deprived him of his "sovereign Right to establish and carry out contracts on his own free will." *Id.*

On the day of travel, Schied claims that his contracted driver was "forcibly compelled to travel on a near empty gas tank to another nearby town" because U-Haul "failed its obligation to even have a refrigerator [dolly] in stock as previously promised by the original contract . . . ." *Id.* Schied also claims that he did not receive his deposit back. *See id.* at 7-8. When he inquired about the deposit, a check was allegedly issued to the name of the contracted driver (the name on the contract). *Id.* at 8. Schied called U-Haul's agent to rectify the situation and he allegedly "spent about half a day making a series of phone calls" and he filed two complaints with the company. *Id.* at 9-8. He asserts that U-Haul deposited $100 dollars and an additional $25.00 as a "final settlement" in Schied's bank account. *Id.* at 10. He asserts that his complaints about civil rights violations and corruption were not addressed by U-Haul. *Id.* Schied claims that U-Haul engaged in "wire fraud, larceny, fraud (in general), and other financial crimes . . . ." *Id.* at 11. He includes factual allegations about his interactions with sixteen U-Haul agents. *See id.* at 12- 68.[1] His Complaint alleges nine counts of federal and common law violations. *See id.* at 69-88.

---

[1] These interactions range from the time Schied made his initial reservation until the time he started to file complains with U-Haul.

### B.  Legal Background

When a plaintiff is granted in forma pauperis status, the court screens the complaint to determine whether it should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, 2018 WL 3682503 at *1. Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982).

Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . ." *Neitzke*, 490 U.S. at 327 (1989) (citations and internal quotations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. A complaint must

4

allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C.  Legal Analysis

#### 1.  Racketeer Influenced and Corrupt Organizations Act (RICO) Claims

In Counts I and VII, Schied references RICO. Doc. 1 at 69-71, 80-83. He claims that U-Haul is "operating with a top-down hierarchical design of power structure . . . ." *Id.* at 69. He asserts the company is operating as "Racketeers" and "as a Continuing Financial Crimes Enterprise" to "defraud American consumers of both money and labor for private profit." *Id.* at 69-70. He believes they mishandle customer complaints and that they tampered with his ability to contract. *Id.* He claims that there was a "pattern and practice" of RICO violations because U-Haul substituted the contract with the contracted driver's name. *Id.* at 81. Finally, Schied claims that U-Haul committed fraud when they issued the deposit check to the contracted driver. *Id.*

RICO grants a private right of action to "any person injured in his . . . property by reason of a violation of section 1962 of this chapter . . . ." 18 U.S.C. § 1964(c). RICO "imposes criminal and civil liability upon those who engage in certain 'prohibited activities.' " *Manion v. Freund*, 967 F.2d 1183, 1185 (8th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)). These racketeering activities are listed in 18 U.S.C. § 1961(1), and include a list of various state and federal crimes. *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992); *see Manion*, 967 F.2d at 1186 (stating the breach of fiduciary duty is not one of the specified state crimes listed in the definition of "racketeering activity," 18 U.S.C. § 1961(a), and thus could not support a civil RICO claim).

Schied claims that U-Haul was engaged in a "pattern and practice" of RICO violations. Doc. 1 at 81. He merely claims that U-Haul is a "Racketeer[]" and a "Financial Crimes

Enterprise." *Id.* at 69. Schied rests on these legal conclusions and his alleged facts support that U-Haul sent the refund check to the contracted driver and then corrected the mistake. *See id.* at 8-10.

Although this Court is bound to liberally construe Schied's pro se complaint, this Court is unwilling to guess upon what prohibited racketeering activity under 18 U.S.C. § 1961(1) that U-Haul was allegedly participating in. Schied's RICO claims are riddled with legally conclusive assertions. Thus, his RICO claims asserted in Count I and VII are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### 2. Americans with Disabilities Act (ADA)

In Count II, Schied raises a violation of the ADA. Doc. 1 at 71-73. Schied is a "totally and permanently disabled quad-amputee" and claims that instead of "providing [an] ADA-required 'reasonable accommodations' " that U-Haul required Schied to "research, private consulting, commercial transportation and driver, and other services." *Id.* at 72. It seems that Schied is frustrated that he had to find his own contracted driver and upset that the U-Haul computer system allegedly changed the name of the contract to be between U-Haul and the contracted driver. He asserts that U-Haul's policies and practices violate the "letter and the spirit" of the ADA. *Id.* at 73.

The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). After a review of the list of private entities that are considered a place of "public accommodation" this Court concludes that U-Haul does not fall under a place of "public accommodation." See 42

6

U.S.C. § 12181(7)(A-L). Schied's ADA claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).[2]

### 3. Civil Rights Claims

Schied asserts that U-Haul violated his rights under the Thirteenth and Fourteenth Amendments. *See* Doc. 1 at 73-74. He also claims that U-Haul has conspired to deprive him of his constitutional rights. *Id.* at 76-78. He brings these claims under 42 U.S.C. § 1983. *See id.* "[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) *acted under color of state law*, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (emphasis added) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). U-Haul is a private entity:

> The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where[:] [(1)] the state has delegated to a private party a power "traditionally exclusively reserved to the State," . . . [(2)] a private actor is a "willful participant in joint activity with the State or its agents," and . . . [(3)] there is "pervasive entwinement" between the private entity and the state[]. These particular circumstances are merely examples and not intended to be exclusive.

---

[2] Even liberally construing the facts in Schied's favor, he cannot establish a violation of Section 504 of the Rehabilitation Act. The Rehabilitation Act states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A private organization, partnership, or corporation must comply with the Rehabilitation Act if it is receiving federal financial assistance. *See* 42 U.S.C. § 12134(b) (stating that these regulations are "applicable to recipients of Federal financial assistance under section 794 of Title 29."); 29 U.S.C. § 794(b)(3)(A)(i) (stating if a program or activity is receiving federal assistance it cannot discriminate against an individual with a disability based on the individual's disability). But Schied does not assert factual allegations to support that U-Haul is receiving federal assistance.

*Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (internal citations omitted). Here, Schied does not offer factual allegations that would support that U-Haul was a state actor. Because U-Haul is not acting under the color of state law for the purposes of § 1983 liability, Schied's claims asserted in Counts III, IV, and V are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### 4. General Criminal Claims

Schied claims that U-Haul committed theft, larceny, and bank fraud. *See* Doc. 1 at 83-86. He asserts that U-Haul retained his banking information "under fraudulent pretense[s] . . . ." *Id.* at 83. Schied specifically alleges violations of 18 U.S.C. §§ 241 and 242. *Id.* at 85.  But there is no private right of action under these criminal statutes. *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F.Supp. 1433, 1437 (D.S.D. 1992); *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (stating that "Courts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241"). Further, this Court extends this rational to Schied's generalized criminal claims against U-Haul. He has no private right of action. His claims in Count VIII are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### 5. Common Law Tort Claims

In Count VI, Schied vaguely mentions the "common law tort[s]" of "tortious misrepresentation" and fraud. Doc. 1 at 78-80. After review of his assertions, he rests on legal conclusions of "pattern and practice," "misrepresentation," and "fraud." *See id.* Schied cannot rely on mere labels and conclusions to support these claims. *Torti*, 868 F.3d at 671. This Court finds that Schied's entire Complaint is frivolous. He names Does #1-20 as a defendant but does not allege any facts against this entity.

8

Accordingly, it is ORDERED:

1. That Schied's Complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i-ii). Schied's pending motions, Docs. 3, 4, 5, are denied as moot.

DATED August 2 , 2021.

ATTEST:

BY THE COURT:

MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

9